UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Harper, et al., <br><br> Plaintiffs, <br><br> v. <br><br> US, et al., <br><br> Defendants. | Case No. 17-cv-01979-JAH-BGS <br><br> **ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** |

On September 27, 2017, Montorey Danyell Harper, a non-prisoner appearing *pro se*, and Montorey, LLC (collectively, "Plaintiffs") filed a complaint against numerous Defendants, including, among others, the United States, the United Nations, New York, New York, NATO, San Diego, and the Secret Service. Plaintiffs' complaint alleges claims of assault, harassment, and malpractice. Doc. No. 1. Plaintiffs concurrently filed a motion to proceed *in forma pauperis*.

**I.    Legal Standard**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See* Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

1

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune to such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001)( "[T]he provisions of 28 U.S.C. 1915 (e) )(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). 28 U.S.C. § 1915(e)(2) mandates that the Court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). Lopez, 203 F.3d at 1127.

A complaint will be considered frivolous, and therefore, subject to dismissal under Section 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); *see also* Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Supreme Court, however, has held that a federal court cannot properly *sua sponte* dismiss an action commenced by an *in forma pauperis* applicant if the facts alleged in the complaint are merely "unlikely." Denton, 504 U.S. at 33. However, a complaint may be properly dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id*. (citing Neitzke, 490 U.S. at 325, 328). Moreover, if a case is classified as frivolous, there is no reason to grant leave to amend because a frivolous case, by definition, has no merit to the underlying action. Lopez, 203 F.3d at 1127 n.8.

**II.     Analysis**

Plaintiffs' allegations of assault, harassment, and malpractice by various governmental officials and entities clearly "rise to the level of the irrational or the wholly incredible." *See* Denton, 504 U.S. at 33. Although in some cases it may be difficult to judge whether a plaintiff's factual allegations are truly "delusional" or merely "unlikely," this is not such a case. Although it is difficult for the Court to decipher, it appears that Plaintiff

alleges the Secret Service and government starting emailing and harassing Plaintiff. Plaintiff states that his complaint "focused on people unknown to the [P]laintiff doing things like interfering with emails and his surroundings…and warned the government that years of complaining already meant that defendants like the Mormons who can influence people where involve and politicians, such as Obama and business." Plaintiff's complaint is nearly indecipherable. Doc. No. 1.

Therefore, this Court finds Plaintiffs' complaint is "frivolous" as that term is defined by the United States Supreme Court and, accordingly, dismisses the complaint without leave to amend. Lopez, 203 F.3d at 1127, n. 8. Accordingly, Plaintiffs' request to proceed *in forma pauperis* is moot.

### III. Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. The instant complaint is *sua sponte* **DISMISSED** without leave to amend as frivolous; and
2. Plaintiffs' request to proceed *in forma pauperis* is **DENIED AS MOOT**.

DATED: October 3, 2017

_____
JOHN A. HOUSTON
United States District Judge